IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN CARLISLE | ) |
| | ) |
| Plaintiff, | ) Case No.: 05-CV-00995-SWH |
| v. | ) |
| | ) |
| HITACHI KOKI U.S.A., LTD., et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' SUGGESTIONS IN OPPOSITION OF PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF ERICK KNOX

**COMES NOW** Defendants Hitachi Koki U.S.A., Ltd., Hitachi Koki Co., Ltd. and Home Depo U.S.A., Inc. (hereinafter "Defendants"), by and through undersigned counsel, and for their Suggestions in Opposition of Plaintiff's Motion to Exclude the Testimony of Erick Knox, state as follows:

### ARGUMENT AND AUTHORITY

**The proposed testimony of Erick Knox, Ph.D. should be admitted because Knox's testing is clearly reliable under the requirements set forth in *Daubert* and Rule 702.**

Plaintiff's primary argument supporting his motion to exclude Knox's testimony is that Knox failed to show utilization of his methodology. Further, Plaintiff states that Knox's testimony should be excluded because "nowhere contained within Knox's report is any reference to a peer review or published journal supporting his opinion…the potential rate of error with respect to his theory and testing…[or] any support that his theory or testing methods are generally accepted by biomechanical engineer."

    **A.**    **Rule 26 does not require an expert to prove, *in his report*, that his testing and theories: (1) have been peer reviewed, (2) published, (3) established a known rate of error, or (4) become generally accepted.**

1

Knox's report does not contain information regarding these factors for a simple reason: Rule 26 of the Federal Rules of Civil Procedure does not require this information be included within an expert's report. This is information of the type that is usually discovered in deposition testimony. Additionally, the deposition of Knox is set to be taken by Plaintiff on March 13, 2007. Further, it should be noted that Plaintiff's expert, Mark Ezra, also makes no mention of peer review, publication or general acceptance of his testing in his written report, yet Plaintiff holds Ezra out as a qualified expert.

Regardless, the testing techniques in Knox's report utilized methodology that has been peer reviewed, published, and generally accepted. (Exhibit 1, Affidavit of Knox). The principles of injury reconstruction utilized by Knox have been peer reviewed and published for many years. (Exhibit 2, "Injury Reconstruction: The Biomechanical Analysis of Accidental Injury."). Also, much of Knox's report is rooted in scientific method, and long established mathematic and physical engineering principles. (Exhibit 1). Knox is not employing or creating any novel or "new" science, but instead relying on established science. Further, Knox's vast expertise as a biomechanical engineer, which even Plaintiff admits is beyond reproach, obviously qualifies him to opine as to human body movements and reactions. (Exhibit 3, Knox's CV).

### B. Knox's "dummy" test was not meant as a recreation of the accident, but instead was just one basis of support for Knox's opinions.

Plaintiff argues that Knox's "dummy" test is invalid because it does not take into account all the incidentals of Plaintiff's accident. (Exhibit 1). Plaintiff fails to understand the purpose of this "dummy" test. Experimental evidence falls on a spectrum and the foundational standard for its admissibility is determined by whether the evidence is closer to simulating the accident or to demonstrating abstract scientific principles. ***Fireman's Fund Ins. Co. v. Canon U.S.A., Inc.,***

2

394 F.3d 1054, 1060 (8th Cir.2005). The more the experiment appears to simulate the accident, the more similar the conditions of the experiment must be to the actual accident conditions. *Id*.

Knox's "dummy" test was clearly not intended to recreate the accident. Instead, it was conducted to determine the rotational forces, if any, when a nailer recoils as Plaintiff claims it did at the time of the subject accident. Plaintiff's expert, Mark Ezra, has opined that the nailer recoiled and rotated essentially 180 degrees and then drove a nail into Plaintiff's face. Ezra did no testing designed to test that opinion. Knox's testing was done not only to support his conclusions, but also to test Ezra's claims, something Ezra never did.. Testing the nailer's recoil when attached to a Hybrid II anthropometric test devise (ATD) allows Knox to factor out muscular reflexes and co-contraction to see if a nailer's recoil has enough rotation and translation to react in the manner that Plaintiff and his expert claim. After this test was conducted, Knox then applied well recognized biomechanical principles and human factors. As stated above, Knox is clearly qualified in biomechanics to opine about human movement and its affect on the results of this "dummy" test.

Plaintiff also argues that Knox's specific "dummy" test is deficient because Knox makes no mention of said testing being subject to peer review, published or generally accepted in his report. Plaintiff has missed the point. The methodology and techniques used by Knox are clearly peer reviewd, published, and generally accepted. By using those methods and techniques, Knox simply fashioned a test that applies those methods and techniques to test the particular product. This is exactly what *Daubert* and its progeny envision. Instead of developing the methodology and techniques solely for litigation such as Plaintiff's expert did, Knox used methodology and techniques unrelated to this specific product or "nail gun litigation" to test this product.

3

Furthermore, "the factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). Essentially, *Kuhmo* recognized that the applicability of a particular *Daubert* factor cannot be universally required or excluded from consideration of the sufficiency of expert testimony, as too much depends upon the particular circumstances of each case. *Id.* Perhaps most importantly, the Court went on to state, "It might not be surprising in a particular case, for example, that a claim made by a scientific witness has never been the subject of peer review, for the particular application at issue may never previously have interested any scientist." *Id.* at 151. Based on this analysis, it is clear that *Daubert* does not require that every aspect of an expert's testing be published and subjected to peer review. Therefore, just because Knox might be the first expert to perform this type of testing, and an opportunity for peer review had not yet arisen, this does not mean that the testing and Knox's opinions based thereon should be excluded. Additionally, as stated above, the underlying techniques and methodology behind this testing has been peer reviewed, published and/or rooted in scientific method, and established mathematic and physical engineering principles. As Plaintiff has acknowledged, when an expert applies well-established engineering techniques and methodologies to materials that are at issue in a case, then failure to submit those techniques and methodologies do not case doubt on their reliability. *Smith v. Ford Motor Co.*, 215 F.3d 713, 720 (7th Cir.2000).

Further, the "dummy" test was only one consideration for Knox's opinions. Knox's theories in this case do not stem only from the testing conducted on the ATD. Knox also examined the nailer and personally used it to drive hundreds of nails to fully understand the nature of the nailer's recoil. Knox still has his notes from this personal testing as well as the

4

wood blocks he drove the nails into. Both can be provided and inquired about in the deposition of Knox on March 13, 2007.

### C. Knox was not required to fully explain whether his methodology and techniques had been published, peer reviewed, or accepted in his Rule 26 report.

Plaintiff is attempting to discredit Knox on the basis of his report alone. (Report attached as Exhibit 4, and Photographs of Testing attached as Exhibit 5). While Plaintiff may rely on the report as contemplated by the Federal Rules of Civil Procedure, Rule 26 does not require that an expert report be completely self-proving of an expert's admissibility. Rule 26 requires the following to be contained in the expert's report:

> "a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

**Fed.R.Civ.P. 26(a)(2)(B).** There is absolutely no requirement in the rule that the expert's report contain an explanation of how the methodology and techniques employed by the expert have been published, subjected to peer review, and generally accepted. Essentially, the expert is not required to argue each of the factors that are contemplated by *Daubert* and its progeny in his in his disclosed report. Plaintiff could have questioned Knox's methodology in a deposition, but he chose not to depose Knox before the *Daubert* motion deadline. A date for the deposition has been set for March 13, 2007. Regardless, Knox was not required to address each of these issues in his expert report, and although Plaintiff claims that certain bases for the expert opinion and its reliability are unclear or nonexistent, we believe that these contentions have been thoroughly

5

refuted herein, and these issues will be more fully stated and explained in the deposition of Knox, should Plaintiff then choose to address them

## CONCLUSION

Based on the foregoing, it is clear that Dr. Knox should not be excluded from presenting opinion evidence in this case. His methodology is sound, and relies primarily on ancient and proven theories of mathematics, physics, and biomechanics. Dr. Knox is not espousing new theories or testing methods of physics and biomechanics, but is simply applying accepted, reviewed, and indisputable principles of those sciences to the situation at hand. Furthermore, the "dummy" test that Dr. Knox performed was not meant to recreate the accident at issue, but merely to test and demonstrate abstract scientific principles, namely, whether the recoil of a pneumatic nailer like the one at issue would create sufficient rotational force to cause the nailer to rotate 180 degrees toward the user and cause an injury. Essentially, this testing was used to determine whether the theories of Plaintiff's expert were viable, given the biomechanical workings of a human being. Finally, Dr. Knox was not required in his expert report to explain every aspect of his testing and opinion with relation to each and every enumerated *Daubert* factor. There is no requirement that Dr. Know explain in his report how his methodology has been published, reviewed, or accepted. These factors have been explained in this motion, and can be more fully explained during the upcoming deposition of Dr. Knox, but it is inappropriate at this point for Plaintiff to argue that the methodology was unsound for the reasons suggested, simply because Plaintiff has not yet taken the deposition of Dr. Knox.

WHEREFORE, Defendants respectfully request that this Court enter an Order denying Plaintiff's Motion to Strike Testimony of Defendants' Experts and for such other and further relief as this Court deems just and proper under the circumstances.

**BROWN & JAMES, P.C.**

By:   /s/ David R. Buchanan
   David R. Buchanan   MO #29228
   1900 City Center Square
   1100 Main Street
   Kansas City, Missouri 64105-2153
   Telephone: (816) 472-0800
   Facsimile: (816) 421-1183
   Email: dbuchanan@bjpc.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was electronically filed by using the CM/ECF system on this 2nd day of March, which will send a notice of electronic filing to:

Paul L. Redfearn
Michael Wallis
The Redfearn Law Firm, P.C.
1125 Grand Blvd., Ste 1805
Kansas City, Missouri 64106

John E. Turner
Christopher P. Sweeny
Turner & Sweeny
10401 Holmes Road, Suite 450
Kansas City, MO 64131

*Attorneys for Plaintiff*

/s/ David R. Buchanan
Attorney for Defendants

#8075429.mrm

8